UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

<u>For Online Publication Only</u>

-------------------------------------------------------------------------- X

VERONICA ROMAN,

                                                    Plaintiff,

             -against-

COLUMBIA SUSSEX CORPORATION, *et. al.*,

                                                    Defendants.

-------------------------------------------------------------------------- X

**<u>ORDER</u>**
16-CV-03531 (JMA)(SIL)

APPEARANCES:

        Allen Goldberg
        Michael E. Bergman
        Clifford Douglas Gabel
        Bergman Bergman Goldberg Fields & Lamonsoff, LLP
        801 S. Broadway
        Hicksville, NY 11801
                *Attorneys for Plaintiff*

        Jonathan J. Greystone
        Spector Gadon & Rosen, P.C.
        1635 Market Street
        7th Floor
        Philadelphia, PA 19103
                *Attorney for Defendants*

**AZRACK, United States District Judge:**

        In this action, plaintiff Veronica Roman alleges that on February 15, 2014 she sustained an injury when she slipped and/or tripped and fell due to a defective condition in the front parking lot of the Islandia Marriott Hotel, located at 3635 Express Drive North, Islandia, New York (the "Hotel"), which is owned and operated by defendants.  Pending now before the Court is plaintiff's motion to amend her complaint to add allegations against defendants' snow-removal contractors, RBR Melville Contractors, LLC ("RBR") and Melville Snow Contractors, Inc. ("Melville") (collectively, the "Snow-Removal Contractors"), and plaintiff's motion to remand the action to

1

New York State Supreme Court, Suffolk County.  For the reasons described herein, plaintiff's motions are denied.

## I.    BACKGROUND

Plaintiff initially filed her complaint against defendants, the owner and operator of the Hotel, in New York State Supreme Court, Suffolk County on August 20, 2015, serving defendants on October 21, 2015.  A week later, plaintiff served an amended complaint on defendants (the "Complaint").  Plaintiff alleges in the Complaint that she suffered personal injury when she slipped and/or tripped and fell in defendants' parking lot, which she asserts was due to a "dangerous and defective" condition caused by defendants' negligence.  The pleadings do not state an amount in controversy.  Defendants removed the action to this Court on June 27, 2016 pursuant to 28 U.S.C. 1332(a)(2) and 1446, based on complete diversity of citizenship and the requisite amount in controversy, after plaintiff's counsel represented during settlement discussions that plaintiff was seeking an amount in excess of $100,000.  Plaintiff is a resident of New York, while defendants are corporations organized and existing under the laws of a state other than New York.

On February 15, 2017, plaintiff filed her motion to amend the Complaint and motion to remand, along with, inter alia a copy of the contract between defendants and the Snow-Removal Contractors (the "Snow-Removal Contract" or the "Contract"), and the proposed amended complaint.  By her motion, plaintiff requests to add RBR and Melville as party defendants.  RBR is a New York limited liability company based in Suffolk County, New York, and Melville is a New York Corporation with its principal place of business located in Suffolk County, New York. Plaintiff argues that under New York law, the Snow-Removal Contractors can be held liable for their negligent snow and ice removal services, and as such, plaintiff should be permitted to amend the Complaint to add RBR and Melville as party defendants.  Plaintiff also argues that upon such

amendment, the matter should be dismissed for lack of subject matter jurisdiction due to the lack of complete diversity of citizenship of the parties pursuant to 28 U.S.C. § 1447(c), and remanded to New York State Supreme Court, Suffolk County.

Defendants oppose plaintiff's motions and argue, <u>inter alia</u>, that plaintiff has not alleged sufficient facts in her proposed amended complaint to satisfy the circumstances under which a snow-removal contractor can be held liable under New York law.

## II.   DISCUSSION

### A.  Standard

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice requires." However, leave to amend may properly be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party…[or] futility." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." <u>Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals</u>, 282 F.3d 83, 88 (2d Cir. 2002).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." Twombly, 550 U.S. at 555 (internal quotation marks omitted). The facts pled "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id.

Under New York law, a snow removal contractor may be held liable in tort to a third person:

> (1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, 'launches a force or instrument of harm'; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely.

Espinal v. Melville Snow Contractors, Inc., 98 N.Y.2d 136, 140 (2002) (internal citations omitted). Regarding the "force or instrument of harm" requirement, "a defendant who undertakes to render services and then negligently creates or exacerbates a dangerous condition may be liable for any resulting injury." Id. at 141-42. However, by "simply clear[ing] the snow as required by the contract" a snow-removal contractor "cannot be said to have created or exacerbated a dangerous condition." Id. at 142.

## B. Analysis

In her proposed amended complaint, plaintiff alleges there was "a dangerous and defective condition" in the parking lot on the Hotel premises, which caused plaintiff to "slip and/or trip and fall," and that "defendants had caused and created the subject dangerous and defective condition." (Proposed Amended Complaint ¶¶ 105-113.) Plaintiff alleges that by reason of this negligence, plaintiff "was caused to sustain serious, severe and permanent personal injuries, pain and suffering, and special damages." (Id. ¶ 115.) The only reference in the proposed amended complaint to the Snow-Removal Contractors is that they were "hired and/or engaged" by defendants "to perform snow removal services" at the Hotel, were "contractor[s] responsible for snow and ice removal,

clearing snow, placing salt and or sand" at the Hotel, and performed said services at the Hotel during the relevant period. (Id. ¶¶ 87-104.)

Plaintiff fails to state a plausible claim against the Snow-Removal Contractors. Iqbal, 556 U.S. at 678. Plaintiff falls woefully short of alleging any facts demonstrating how the Snow-Removal Contractors launched a "force or instrument of harm." See Espinal, 98 N.Y.2d at 140. "[A] claim that a contractor exacerbated an existing condition requires some showing that the contractor left the premises in a more dangerous condition than he or she found them." Foster v. Herbert Slepoy Corp., 905 N.Y.S.2d 226 (N.Y. App. Div. 2d Dep't 2010). Plaintiff does not allege any facts in her proposed amended complaint describing how the Snow-Removal Contractors performed their services, how they allegedly created a "dangerous and defective" condition, or even what the dangerous and defective condition was.[1] Nor does plaintiff allege any facts concerning how she detrimentally relied on the continued performance of the Snow-Removal Contractors' duties. See Espinal, 98 N.Y.2d at 140.

Finally, plaintiff has failed to allege facts demonstrating that the Snow-Removal Contractors displaced defendants' duty to maintain the premises safely. See Espinal, 98 N.Y.2d at 140. In fact, the Snow-Removal Contract plaintiff appends to its motion indicates the opposite. The Contract establishes that the Snow-Removal Contractors undertook only to plow the Hotel premises a single time, in the late evening and early morning "and not until all accumulations have ceased." (Snow-Removal Contract ¶ 2.) Further, the Contract provides that it remained defendants' obligation to "decide whether any icy condition warrants application(s) of salt-sand" by the Snow-Removal Contractors, as well as defendants' obligation to "monitor [the] property and inform the Snow-Removal Contractors of any request for further services." (Id. ¶ 4.) The

---

[1] Plaintiff's proposed amended complaint further fails to identify what allegations it specifically attributes to the Snow-Removal Contractors due to its use of group pleading.

Snow-Removal Contract grants the Snow-Removal Contractors authority to apply sand and/or salt if it "believes in its discretion that an application is appropriate or required," and it reiterates defendants' obligation to monitor the premises and request any additional services they believe would be appropriate, noting that "[a]t all other time[s]…it shall remain the sole responsibility of the property manager or owner to determine whether an icy condition warrants application(s) of sand/salt and RBR Melville will not sand/salt unless specifically authorized" by the defendants. (Id. ¶ 7.)  By the terms of the Snow-Removal Contract, the Snow-Removal Contractors cannot be said to have "displaced" defendants' duty to maintain the premises safely.  See Espinal, 98 N.Y.2d at 141 (finding that snow-removal contract at issue, which provides that "Melville was obligated to plow only when the snow accumulation had ended and exceeded three inches" did not constitute a "comprehensive and exclusive property maintenance obligation" and "Melville did not entirely absorb Miltope's duty as a landowner to maintain the premises safely…").[2]

The Court finds that granting leave to amend the Complaint would be futile, as the amendment proposed by the plaintiff could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  See Dougherty, 282 F.3d at 88.  Consequently, plaintiff's motions to amend the Complaint and remand the action are denied.

---

[2] Plaintiff cites the Snow-Removal Contract in arguing that "[w]here RBR was under a contractual obligation to provide snow removal services at the request of the Islandia Marriott but was also given discretion to 'apply sand/salt whenever RBR Melville believes in its discretion that an application is appropriate or required during or immediately following winter precipitation,' it is submitted that RBR can be said to have 'launched a force or instrument of harm' in negligently removing snow and ice from the parking lot where plaintiff's accident occurred, thus satisfying the first criterion in Espinal."  However, plaintiff's argument makes little sense.  Simply because the Snow-Removal Contractors had the discretion to apply sand/salt does not support a facially plausible claim that the Snow-Removal Contractors "launched a force or instrument of harm."  Indeed, plaintiff still fails to identify what the alleged instrument of harm was.  (Movant's Mem. at 2.)

### III.    Conclusion

Based on the foregoing, plaintiff's motion to amend the Complaint and motion to remand are

DENIED.

**SO ORDERED.**

Date: March 2, 2018
Central Islip, New York

_____/s/ (JMA)_____.
Joan M. Azrack
United States District Judge